■ GEORGE BIFFER et al., Appellants, v. QUEEN CURTAIN SHOP, INCORPORATED, Respondent, et al., Defendant.— In an action to recover damages for personal injuries, medical expenses and loss of services, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County, entered February 10, 1960 after a jury trial, as dismissed the complaint against the corporate defendant at the close of the plaintiffs' case on the ground that plaintiffs failed to prove facts sufficient to constitute a cause of action. By order of this court, dated September 10, 1962, made upon consent, the appeal has been discontinued as to the individual defendant Greenfield. Judgment, insofar as appealed from, reversed on the law; a new trial granted as to the corporate defendant, with costs to plaintiffs to abide the event; and the action severed as to the individual defendant Greenfield. In essence, the proof adduced was: (1) that the female plaintiff was injured when her toe caught in the metal ring or grasp that served as a handle to a trap door which opened upon the cellar below the corporate defendant's store premises; (2) that when in a closed position such trap door was flush with the surrounding floor; (3) that both the trap door and the floor were covered with identical asphalt tile; (4) that the trap door was manually operable by means of the metal ring or grasp which was designed to fold down horizontally in a circular and recessed area within the top surface of the trap door; and (5) that prior to the accident such plaintiff was talking with the corporate defendant's president at the wrapping and cash register counters adjacent to the trap door. In support of the defendants' motion to dismiss the complaint at the end of plaintiffs' case, it was urged, inter alia, that the female plaintiff's status was that of a mere licensee and that no showing of negligence on defendants' part had been established. In our opinion, one who maintains a trap door on business premises has the duty of exercising reasonable care to prevent injury to those rightfully on the premises (McNally v. Oakwood, 210 App. Div. 612, affd. 240 N. Y. 600; Webb v. Board of Educ., 286 App. Div. 1136; 66 A. L. R. 2d 331, 343–345). Under the proof here presented, issues of fact for the jury's determination arose as to: (1) the status of the female plaintiff at the time of her fall; (2) whether the corporate defendant failed or neglected to perform its duty of exercising reasonable care; and (3) whether plaintiff's own negligence contributed to the happening of the accident. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ LOTTIE CHALEFF, as Administratrix of the Estate of ABRAHAM A. CHALEFF, Deceased, Appellant, v. EMPIRE STATE AVIATION, INC., Respondent. PAULINE COHEN, as Administratrix of the Estate of LESTER L. COHEN, Deceased, Appellant, v. EMPIRE STATE AVIATION, INC., Respondent.— In two consolidated negligence actions to recover damages for wrongful death, the plaintiffs appeal from separate judgments of the Supreme Court, Orange County, entered January 31, 1962 after a jury trial, in favor of the defendant, dismissing the complaints at the end of plaintiffs' case. Judgments affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.