■ JANET HOLMBERG, Respondent, v. EDWARD J. DONOHUE et al., Appellants.— In a negligence action to recover damages for personal injury, the defendants appeal from a judgment of the Supreme Court, Nassau County, entered December 2, 1964, upon an order of the court directing a verdict as to liability in favor of the plaintiff, and upon the jury's verdict of $7,000 on the issue of damages. Judgment reversed on the law and facts, and a new trial granted, with costs to abide the event. In our opinion, the trial court erred in directing a verdict *sua sponte* in plaintiff's favor at the close of the entire case.

The court was required to take the view of the evidence most favorable to the defendants, and, from the evidence and inferences reasonably to be drawn therefrom, to determine whether under the law a verdict might be found for the defendants (*Merchants Nat. Bank & Trust Co.* v. *State Mut. Life Assur. Co.*, 18 A D 2d 772). The test is not whether a verdict for the defendants would be set aside as contrary to the weight of the evidence, but whether by any rational process the jury could find for the defendants (*Prince* v. *City of New York*, 21 A D 2d 668). Viewing the evidence in the light most favorable to the defendants, we find that the evidence was sufficient to make the issue of their negligence a question of fact for the jury. Upon the evidence, the jury might well have concluded that immediately prior to the accident the defendant Edward J. Donohue was confronted with an emergency and that under the conditions then prevailing his actions were reasonable and did not constitute negligence (cf. *Wolfson* v. *Darnell*, 15 A D 2d 516, affd. in part, app. dsmd. in part 12 N Y 2d 819; *Polley* v. *Polley*, 11 A D 2d 121). "When a defendant is faced with an emergency without opportunity for deliberation, thought or consideration, the ensuing accident may be within the field of nonliability for injury" (*Rowlands* v. *Parks*, 2 N Y 2d 64, 67). It is our further conclusion, however, that plaintiff established a prima facie case and that the weighing of all the evidence, including a consideration of the credibility of the testimony of Edward J. Donohue, which was read into the record by plaintiff's counsel, was for the jury. It was, therefore, proper for the trial court to have denied the defendants' motion to dismiss the complanit. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.