■ DAVID DOLITSKY, Respondent, v BAY ISLE OIL CO., INC., Appellant. (Action No. 1.) DAVID DOLITSKY, Respondent, v GEORGE W. GITZLER, Appellant. (Action No. 2.) — In two actions to recover damages for fraud in connection with the purchase of real property, defendants appeal from two judgments of the Supreme Court, Suffolk County (Tanenbaum, J.), both entered April 29, 1983, each of which granted judgment to plaintiff in the principal sum of $2,500, the amount of his deposit, upon a directed verdict.

Judgments reversed, on the law, with one bill of costs, action No. 2 dismissed, and new trial granted as to action No. 1.

Plaintiff presented no evidence at trial in action No. 2 that defendant Gitzler acted other than as the agent of the corporate defendant, and Gitzler's testimony that he acted only in his representative capacity was uncontradicted. Consequently, the case against Gitzler individually should have been dismissed.

Further, the judgment in action No. 1 against the corporate defendant must be reversed as the trial court erred in directing a verdict in this case. In considering a motion for a directed verdict, a court is not to engage in a weighing of the evidence, but instead must determine that by no rational process could the trier of facts find for the nonmoving party (see, e.g., Lipsius v White, 91 AD2d 271, 276-277; Blum v Fresh Grown Preserve Corp., 292 NY 241, 245). The court must also take the view of the evidence that is most favorable to the nonmoving party (see, Holmberg v Donohue, 24 AD2d 569, 570), and the motion should not be granted where the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question (see, e.g., Cox v Don's Welding Serv., 58 AD2d 1013; Le May v Frankel, 80 AD2d 665). Here, the parties differed as to when and under what circumstances the alleged misrepresentations about the building of a Merit station were made, raising clear issues of fact and credibility to be resolved by the jury. O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.