■ John Eaton, Respondent, v Everett Harmer, Appellant.—Judgment affirmed with costs. All concur, except Doerr and Lawton, JJ., who dissent and vote to reverse in the following memorandum.

Doerr and Lawton, JJ. (dissenting). We disagree with the majority's conclusion that the trial court properly directed a verdict against defendant. A motion for a directed verdict may be granted only if the court determines "that by no rational process could the trier of facts base a finding in favor of the defendant upon the evidence * * * presented" *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245). Further, the court must view the evidence in the light most favorable to the nonmoving party and not engage in a weighing of the evidence *(Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366).

Here, plaintiff fell through a trapdoor which defendant admittedly left momentarily open and unguarded. Defendant testified that plaintiff was present when he opened the trapdoor, which was neither directly in front of nor on the path to plaintiff's apartment. Plaintiff, after his fall, stated that he had mistakenly stepped through the wrong door. Though the leaving open of the trapdoor is evidence of negligence, factual questions, for example, whether defendant exercised reasonable care under the circumstances or proximately caused the accident, preclude the granting of a directed verdict *(Biffer v Queen Curtain Shop,* 17 AD2d 960; *Larrison v Salisbury,* 253 App Div 860). (Appeal from judgment of Supreme Court, Niagara County, Mintz, J.—negligence.) Present—Callahan, J. P., Doerr, Boomer, Balio and Lawton, JJ.