■ HECTOR RIVERA et al., Appellants, v MKB INDUSTRIES, INC., et al., Defendants, and FLEXITALLIC GASKET COMPANY, INC., Respondent and Third-Party Plaintiff-Appellant. CONTINENTAL CONNECTORS CORPORATION, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Lonschein, J.), entered May 2, 1988, as, upon a jury verdict, is in favor of the defendant Flexitallic Gasket Company, Inc. and against them, and the defendant Flexitallic Gasket Company,

Inc. cross-appeals from so much of the judgment as brings up for review the trial court's dismissal of its third-party complaint against Continental Connectors Corporation.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted to the plaintiffs against the defendant Flexitallic Gasket Company, Inc.; and it is further,

Ordered that costs are awarded to abide the event of the new trial.

On October 23, 1984, the plaintiff, an employee of Continental Connectors Corporation (hereinafter Continental), suffered the amputation of his left thumb while working with a machine which compressed granular plastic compounds into "pills" which were later molded into plastic electronics connectors. The machine was manufactured and sold to Continental in 1969 by the predecessor corporation of Flexitallic Gasket Company, Inc.

On appeal, the plaintiffs contend that certain errors committed by the trial court during the course of the trial deprived them of a fair trial. Most significantly, although the court gave a technically correct charge regarding culpable conduct, apportionment of liability, and proximate cause, it erroneously led the jurors to believe that if they found that the plaintiff Hector Rivera's negligence had contributed to the accident, they were entitled to find that the machine at issue either had no design defect or that any potential defect could not have been a proximate cause of the accident. In addition, Flexitallic Gasket Company, Inc. (hereinafter Flexitallic) failed to produce its expert witness, and the court promised the plaintiffs a missing witness charge. The charge that it gave, however, was in good part devoted to excusing the expert's absence, and the court did not make it clear that the jury might infer that the missing witness's testimony would have been "unfavorable" to the defendant (Laffin v Ryan, 4 AD2d 21, 27). The plaintiffs' counsel did not receive the charge he was promised, a promise upon which he apparently relied in his summation. The error was compounded by the court's mischaracterization of a witness produced by Flexitallic as an "expert".

The record further reveals that the court erroneously refused to admit into evidence certain administrative regulations promulgated by the New York State Department of Labor, a violation of which, if established, could be found to

constitute some evidence that the design of the machine at issue did not meet prevalent safety standards *(see, Cornier v Spagna,* 101 AD2d 141).

On the other hand, there is no merit to the plaintiffs' contention that they were entitled to judgment as a matter of law on the issue of liability, since, viewing the evidence in the light most favorable to Flexitallic, it cannot be said that by no rational process could the trier of facts find in its favor *(see, Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366). Equally without merit is the plaintiffs' assertion that their causes of action sounding in negligence and breach of warranty should not have been dismissed, since no evidence whatever was presented at trial in support of these common-law theories of liability.

The cross appeal must be dismissed because Flexitallic is not aggrieved by the judgment (CPLR 5511). However, the issues raised upon the cross appeal are brought up for review under CPLR 5501 (a). Upon that review we find that the trial court properly dismissed the third-party action against Continental. There was no basis in the evidence to support a finding that Continental failed to use reasonable care in training and supervising Hector Rivera, or in maintaining its workplace *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241).

Since there is to be a new trial, we note that, although the conduct of the court during the course of the trial did not rise to the level of reversible error, the degree of intervention in the plaintiffs' case was greater than appropriate under the circumstances. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.