■ PATRICK O'BRIEN, Individually and as Father and Natural Guardian of STEPHEN O'BRIEN, an Infant, Respondent, v KEITH COVERT et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Westchester County (Marbach, J.), entered November 1, 1989, which granted the motion of the plaintiff to set aside the verdict as to damages unless the defendants stipulated to increase the damages award from $82,500 to $142,000 *(see,* CPLR 4404 [a]), and (2) a judgment of the same court (Walsh, J.), entered July 5, 1990, which, upon a jury verdict after a new trial as to damages, is in favor of the plaintiff and against the defendants in the principal sum of $200,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Stephen O'Brien, a 17-year-old high school senior, sustained, *inter alia,* permanent and severe facial scarring when he was struck by an automobile driven recklessly by the defendant Keith Covert. Keith Covert thereafter pleaded guilty to assault in the second degree (Penal Law § 120.05 [4]). At the first trial of this action, which was both on the issues of liability and damages, the trial court granted the plaintiff judgment as a matter of law, and the jury awarded the principal sum of $82,500. The plaintiff thereafter moved pursuant to CPLR 4404 (a) to set aside the verdict as inadequate, and the trial court granted a new trial as to damages unless the defendants

consented to pay an increased award of $142,500. The defendants refused these terms, and a second trial on the issues of damages was held. At the second trial, the jury awarded Stephen O'Brien the principal sum of $200,000 for his past and future pain and suffering.

We find unpersuasive the defendants' contention that the court erred in awarding the plaintiff judgment as a matter of law. As we have previously observed, "[i]n considering a motion for a directed verdict, a court is not to engage in a weighing of the evidence, but instead must determine that by no rational process could the trier of facts find for the nonmoving party * * *. The court must also take the view of the evidence that is most favorable to the nonmoving party * * * and the motion should not be granted where the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question" (Dolitsky v Bay Isle Oil Co., 111 AD2d 366). No reasonable view of the evidence in this case—even when assessed in the light most favorable to the defendants—supports a view that Stephen O'Brien acted in a negligent manner on the night of the accident. The accident was caused solely by the negligence of the defendant Keith Covert. We therefore find that the trial court properly granted the plaintiff's motion for judgment as a matter of law on the issue of liability (see, CPLR 4404 [a]; Dolitsky v Bay Isle Oil Co., supra).

Moreover, while the determination of damages in a personal injury action is essentially a question of fact for the jury (see, Schare v Welsbach Elec. Corp., 138 AD2d 477, 478), the trial court may exercise its discretion and set aside the verdict where warranted (see, CPLR 4404 [a]). In light of the evidence adduced at the first trial, we find that the setting aside of the jury's verdict on the issue of damages was not an improvident exercise of discretion.

We further find that the verdict of $200,000 after the second trial does not deviate materially from what would be reasonable compensation for the injured plaintiff (see, CPLR 5501 [c]); hence, we decline to disturb the jury's award.

We have considered the defendants' remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.