■ CARLOS MARRERO, Appellant, v 720 DEGRAW FUNDING CORP., Respondent, et al., Defendants. [604 NYS2d 236] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered January 28, 1991, which, upon a ruling, made at the close of the plaintiff's case granting the respondent judgment as a matter of law, is in favor of the respondent and against the plaintiff dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Carlos Marrero, sustained personal injuries when he was shot by John Joyner while standing in front of the building where he resided. Joyner testified that on the afternoon in question, he pointed a rifle at people congregated by the building because they had been running around by an open cellar door and he feared that they might "fall down and get hurt". He cocked the rifle, pointed it at the crowd, and it went off. The plaintiff sought to recover damages from the respondent 720 DeGraw Funding Corporation (hereinafter DeGraw) upon the ground that it had negligently hired Mr. Joyner as a superintendent of the building. In this regard, the plaintiff maintained that Mr. Joyner was acting within the scope of his employment when he shot at the crowd.

At the conclusion of the plaintiff's case, DeGraw moved for a judgment as a matter of law upon the ground that the plaintiff failed to show that it had employed Mr. Joyner or that he was acting within the scope of his alleged employment. The trial court granted the motion, finding that the plaintiff had failed to sustain his burden of proving the existence of an employer-employee relationship.

"In considering a motion for [judgment as a matter of law], a court is not to engage in a weighing of the evidence, but instead must determine that by no rational process could the trier of facts find for the nonmoving party" *(Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366). The court must also take the view of the evidence that is most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question *(see, O'Brien v Covert,* 187 AD2d 419, 420; *Dolitsky v Bay Isle Oil Co., supra).*

We find that even assuming, *arguendo,* that Mr. Joyner was

employed by DeGraw, there was no reasonable view of the evidence, when assessed in the light most favorable to the plaintiff, to support a view that Mr. Joyner was acting within the scope of that alleged employment when he shot the plaintiff *(cf., Riviello v Waldron,* 47 NY2d 297). We therefore find that the trial court properly granted DeGraw's motion for judgment as a matter of law.

We have reviewed the plaintiff's remaining contentions and find them to be without merit *(see, Zook v Hartford Acc. & Indem. Co.,* 64 AD2d 701). Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.