■ FRANK DePASQUALE, Respondent, v MORBARK INDUSTRIES, INC., Appellant. (And a Third-Party Action.) [633 NYS2d 543] —In an action to recover damages for products liability, the defendant appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), dated July 7, 1993, which, upon a jury verdict finding it 25% at fault in the happening of the accident and upon a jury verdict finding that the plaintiff suffered damages in excess of $13,500,000, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, and a new trial is granted as to liability, to be followed, if necessary, by a new trial on damages, with costs to abide the event.

The plaintiff was injured when his left leg was caught in an Eeger Beever wood chipping machine manufactured by the defendant, Morbark Industries, Inc.

The plaintiff alleged several theories of liability including defective design and failure to warn. Here, the evidence was legally insufficient to support the theory of liability based on failure to warn. There is no duty to warn of a danger which is obvious and which the injured party either did or should have appreciated to the same extent as a warning would provide *(see, Jackson v Supermarkets Gen. Corp.,* 214 AD2d 650; *Bazerman v Gardall Safe Corp.,* 203 AD2d 56, 57; *Oza v Sinatra,* 176 AD2d 926, 928). The danger of injury if one's leg were to come in contact with the feed wheels on the wood chipping machine was obvious. The plaintiff admitted that he had been told not

to put his hands or feet inside the machine chute, and that he knew that he could be seriously hurt if his hands or legs became caught in the infeed wheels. Since a general verdict sheet was submitted to the jury, we cannot ascertain whether the jury's verdict was "predicated on a finding in plaintiff's favor" on the failure-to-warn theory, which "should not have been submitted to it" *(Davis v Caldwell,* 54 NY2d 176, 179-180). Thus, the verdict must be set aside, and a new trial granted.

Since there must be a new trial, we note that evidence that the defendant modified the design of the wood chipper after the wood chipper involved in the instant case was manufactured was inadmissible on the issue of negligence *(see, Cover v Cohen,* 61 NY2d 261, 270; *Caprara v Chrysler Corp.,* 52 NY2d 114, 122). Such evidence may be admitted "on some other theory or on another issue, such as control, impeachment or feasibility of precautionary measures", with appropriate limiting instructions *(Caprara v Chrysler Corp., supra,* at 122). However, here feasibility was conceded by the defendant. Evidence of post-manufacture modifications was purportedly admitted for impeachment purposes, without limiting instructions, on the plaintiff's direct case, upon direct examination of the defendant's president Norval Morey, whom the plaintiff had called as his own witness. This was improper.

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or need not be addressed in light of our determination. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.