■ CONNIE POLIMENI, Respondent, v TOWN OF HEMPSTEAD, Appellant. [664 NYS2d 808] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated October 11, 1996, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant, and directed entry of judgment in favor of the plaintiff as a matter of law on the issue of liability.

Ordered that the order is affirmed, with costs.

At trial the plaintiff adduced evidence that she sustained personal injuries while ice skating when she was bumped by another ice skater on a rink operated by the defendant. She further presented evidence, through her own testimony and that of a witness to the accident, that for a substantial period of time prior to her accident, a group of boys had been allowed to skate on the rink in an unruly manner, in the opposite direction of all the other skaters, and that rink guards on the ice, although aware of the danger posed by this behavior, negligently failed to curtail it. The defendant did not put on a case, or offer any evidence to rebut the foregoing testimony of the plaintiff and her witness. The jury returned with a verdict that the defendant was not negligent. Thereafter, the trial court granted the plaintiff's motion pursuant to CPLR 4404 (a), to set aside the jury verdict, and directed the entry of judgment in favor of the plaintiff as a matter of law on the issue of liability. The defendant appeals.

We agree with the Supreme Court that the plaintiff made out a prima facie case which was wholly unrebutted by the defendant, and that no viable evidence existed to support the jury's verdict. Accordingly, we affirm the grant of the plaintiff's motion for judgment on liability notwithstanding the jury's verdict in the defendant's favor (see, Thompson v City of New York, 60 NY2d 948 [verdict properly directed in the plaintiff's

favor given evidence of the defendant's fault and absence of any evidence contradicting it]). Viewing the evidence in the light most favorable to the defendant, and resolving all inferences and questions of credibility in its favor (*see, Marrero v 720 DeGraw Funding Corp.,* 199 AD2d 248; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366), the jury's conclusion that the defendant was not negligent, based upon the evidence presented at trial, was irrational, and should not stand (*see, Mirand v City of New York,* 190 AD2d 282, *affd* 84 NY2d 44). Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.