■ LATONYA K. JOHNSON, Respondent, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Appellants. [665 NYS2d 440] —In an action, *inter alia,* to recover damages for false arrest and battery, the defendants appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated July 26, 1996, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendants on her cause of action to recover damages for battery and directed the entry of judgment in favor of the plaintiff on that cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff brought the instant action, *inter alia,* to recover damages for false arrest and battery. At trial, she was awarded a judgment as a matter of law on her cause of action to recover damages for false arrest. After the jury returned a verdict in

favor of the defendants on her cause of action to recover damages for battery, the plaintiff moved pursuant to CPLR 4404 (a), *inter alia,* to set aside the jury verdict and for the entry of judgment in her favor on that cause of action as a matter of law. Her motion was granted and the defendants appeal.

The court correctly determined that the plaintiff was entitled to judgment as a matter of law on her cause of action to recover damages for battery. Even when the evidence is viewed in the light most favorable to the defendants, there is no rational process by which the jury could have found for them (*see, Mirand v City of New York,* 84 NY2d 44, 48-49; *Cohen v Hallmark Cards,* 45 NY2d 493, 499; *O'Brien v Covert,* 187 AD2d 419, 420; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366). "To recover damages for battery founded on bodily contact, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent" (*Roe v Barad,* 230 AD2d 839, 840; *see, Villanueva v Comparetto,* 180 AD2d 627; *Laurie Marie M. v Jeffrey T. M.,* 159 AD2d 52, *affd* 77 NY2d 981). As the arrest of the plaintiff by the defendant police officer Stephen E. Brussell was unlawful, Brussell committed a battery when he touched the plaintiff during that arrest (*see, Budgar v State of New York,* 98 Misc 2d 588, 592).

The defendants' claim that the plaintiff's motion should have been denied as untimely (*see,* CPLR 4405) is without merit, as the plaintiff established "good cause" for her three-day delay in making the motion (CPLR 2004; *see, Pioli v Morgan Guar. Trust Co.,* 199 AD2d 144, 148; *cf., Casey v Slattery,* 213 AD2d 890, 891). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.