■ LATONYA K. JOHNSON, Respondent, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Appellants. [686 NYS2d 726] —In an action, *inter alia,* to recover damages for false arrest and battery, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Newmark, J.), entered June 12, 1997, which is in favor of the plaintiff and against them on the plaintiff's claim for battery in the principal sum of $120,000 ($110,000 against the defendant Suffolk County Police Department and $10,000 against the defendant Stephen E. Brussell).

■ LATONYA K. JOHNSON, Respondent, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Appellants. [686 NYS2d 725] —In an action, *inter alia,* to recover damages for false arrest and battery, the defendants appeal, as limited by their brief, from so

much of a judgment of the Supreme Court, Suffolk County (Newmark, J.), entered November 23, 1997, as is in favor of the plaintiff on her cause of action to recover damages for battery.

Ordered that the judgment is reversed and vacated, without costs or disbursements.

The judgment entered November 23, 1997, must be reversed and vacated as without a severance there can be only one judgment entered in a civil action (see, CPLR 5012; *Kriser v Rodgers,* 195 App Div 394, 395), and a judgment in favor of the plaintiff on her cause of action to recover damages for battery and awarding her damages was entered June 12, 1997 (see, *Johnson v Suffolk County Police Dept.,* 260 AD2d 441 [decided herewith]). We note that on this appeal the defendants seek to challenge the trial court's ruling that an underlying arrest of the plaintiff was unlawful. However, the trial court's ruling on the arrest was brought up for review in *Johnson v Suffolk County Police Dept.* (245 AD2d 340), and further review is foreclosed (see, *Rohring v City of Niagara Falls,* 192 AD2d 228, affd 84 NY2d 60; *Post v Post,* 141 AD2d 518; *Matter of Yeampierre v Gutman,* 57 AD2d 898). Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.