■ MARIANO ORTIZ, Respondent, v E.W. BLISS COMPANY, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.). [756 NYS2d 545] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 2, 2002, which, to the extent appealed from, denied, in part, defendant's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

Defendant manufacturer in this strict product liability action bases its defense of substantial modification (*see Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 481 [1980]) on its expert's opinion that plaintiff's accident was caused by the third-party defendant's replacement of the subject press's original activating device. However, plaintiff submitted expert evidence sufficient to raise a triable issue (*cf. Hilltop Nyack Corp. v TRMI Holdings*, 272 AD2d 521, 523 [2000]) as to whether the accident was attributable to the press not having been equipped by defendant manufacturer with a point-of-operation guard (*see Hierro v E.W. Bliss Co.*, 145 AD2d 731, 732 [1988]). Thus, an award of summary judgment was precluded (*see Munoz v Puretz*, 301 AD2d 382, 384 [2003]). Summary judgment dismissing the complaint as against defendant manufacturer is also precluded by questions of fact respecting defendant's alleged failure to provide warnings (*cf.*

*Sosna v American Home Prods.*, 298 AD2d 158 [2002]; *DePasquale v Morbark Indus.*, 221 AD2d 409, 409-410 [1995]). Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.