ELVIN VINCENTY, Respondent, v CINCINNATI INCORPO-RATED, Appellant, et al., Defendants. [807 NYS2d 92]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered April 14, 2005, which, to the extent appealed from as limited by the briefs, denied defendant Cincinnati's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a factory worker, lost 3½ fingers in an accident while operating a press brake machine designed and marketed by Cincinnati. This defendant failed to make a prima facie showing of entitlement to summary judgment on plaintiff's causes of action for design defect or failure to issue adequate warnings regarding use of the machine (*see Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 106-107 [1983]; *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 478-479 [1980]).

With respect to the design defect claim, Cincinnati's expert

opined that the machine was reasonably safe, that it conformed to the customs and practices of manufacturers of such machinery at the time it was manufactured in 1967, and that its design—which permitted continuous operation even after the motor was turned off, and allowed the upper "ram" portion to move down even if the foot pedal was accidentally struck—was the state of the art at that time. However, Cincinnati's own product safety manager testified at deposition that he knew of no reason why a safer design could not have been utilized when the subject machine was built. Given the divergence between the opinion of Cincinnati's expert and the testimony of its product safety manager, there is a question of fact as to the availability of a safer design in 1967 that might have prevented the machine from continuing to run even after it was shut off (see Denny v Ford Motor Co., 87 NY2d 248, 257 [1995]; Voss v Black & Decker Mfg. Co., supra, 59 NY2d at 109).

Cincinnati also failed to establish a prima facie showing of entitlement to summary judgment regarding the adequacy of warnings for the use of this machine (see Liriano v Hobart Corp., 92 NY2d 232, 237 [1998]). Cincinnati's expert maintained that the press brake was intended to be used by skilled operators who were reasonably expected to be aware that turning off the drive motor would not instantaneously stop the machine, and that if the foot switch was pressed, there was a risk that the ram could be activated and cause injury to fingers and hands. But the product safety manager directly contradicted this by acknowledging that the machine was marketed and promoted by Cincinnati as one that could be used by unskilled or inexperienced operators, which plaintiff undeniably was.

Contrary to Cincinnati's argument that it provided adequate instructions, warnings and other safety-related information which, if heeded, would have avoided injury, the section of the operating manual on cleaning the press brake, which is what plaintiff was attempting to do, did not advise that the machine could continue running after the stop button was hit. Nowhere in the manual or on the machine itself is there any indication or warning that the press brake would continue to run even after the stop button was pressed. Accordingly, there are questions of fact as to whether Cincinnati failed to provide adequate warnings, thus precluding summary judgment (see Ortiz v E.W. Bliss Co., 303 AD2d 203 [2003]).

Finally, there is a question of fact as to whether Cincinnati should be held liable for failure to issue postsale warnings for this machine, given the product safety manager's admission of longtime general knowledge in the industry that accidents oc-

casionally happened when an operator's foot accidentally hit the pedal in these circumstances (*see Cover v Cohen*, 61 NY2d 261, 274-275 [1984]). Concur—Andrias, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.