In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Bayne, J.), entered March 9, 2012, as, upon the granting of that branch of the motion of the defendant Mary Gori pursuant to CFLR 4401, made at the close of evidence, which was for judgment as a matter of *773 law dismissing the complaint insofar as asserted against her, is in favor of the defendant Mary Gori and against him dismissing the complaint insofar as asserted against that defendant, and the defendants Rehab Ahmed Eldib and Mohamed Ghazy separately appeal, as limited by their brief, from so much of the same judgment as, upon a sua sponte finding that they were 100% at fault in the happening of the accident and the granting of that branch of the motion of the defendant Mary Gori pursuant to CPLR 4401, made at the close of evidence, which was for judgment as a matter of law dismissing the cross claims asserted by them against the defendant Mary Gori, is in favor of that defendant and against them dismissing the cross claims that they asserted against the defendant Mary Gori.
Ordered that the judgment is reversed, on the law, with one bill of costs, the motion of the defendant Mary Gori pursuant to CPLR 4401 is denied, the complaint and the cross claims against the defendant Mary Gori are reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability, and a trial on the issue of damages, if warranted.
On July 9, 2007, a motor vehicle accident occurred at the intersection of 85th Street and Ridge Boulevard in Brooklyn between a vehicle owned by the defendant Rehab Ahmed Eldib and operated by the defendant Mohamed Ghazy, and a vehicle owned and operated by the defendant Mary Gori. The plaintiff was a passenger in the vehicle operated by Ghazy. The plaintiff commenced this action against the defendants to recover damages for personal injuries.
At trial, the plaintiff testified that Ghazy, who was operating his vehicle on 85th Street, ran a red light at the subject intersection, and that Gori’s vehicle, which was traveling on Ridge Boulevard, struck the left side of Ghazy’s vehicle. The plaintiff also testified that the left side of Ghazy’s vehicle sustained damage, while Gori’s vehicle sustained damage to its front. On cross-examination, the plaintiff was confronted with his deposition testimony, in which he averred that he did not see the traffic light until Ghazy’s vehicle was already within the intersection, and that he did not look at the traffic light before Ghazy’s car entered the intersection.
Ghazy, on the other hand, testified at trial that he entered the subject intersection with the green light in his favor, and that Gori ran a red light and struck his vehicle while it was in the intersection. Ghazy asserted that his vehicle was damaged near the “left light and tire,” while Gori’s vehicle sustained damage to the headlights and right-side bumper. Gori was *774 precluded from testifying at trial as the result of a pretrial order of preclusion.
At the close of the defendants’ cases, Gori moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability and, thus, sought dismissal of the complaint insofar as asserted against her, as well as the dismissal of the cross claims asserted against her by Eldib and Ghazy. The trial court granted that branch of the motion which was addressed to the complaint, and thereupon dismissed the complaint insofar as asserted against Gori. The trial court sua sponte found that Ghazy was 100% at fault in the happening of the accident, and that Eldib was vicariously liable therefor, and thereupon granted that branch of the motion which was addressed to their cross claims and dismissed those cross claims.
“To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant” (Velez v Goldenberg, 29 AD3d 780, 781 [2006]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Ryan v New York City Tr. Auth., 89 AD3d 1005, 1007 [2011]). “In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant” (Szczerbiak v Pilat, 90 NY2d at 556; see Centennial Contrs. Enters. v East N.Y. Renovation Corp., 79 AD3d 690 [2010]). In making this determination, a court must not “engage in a weighing of the evidence,” nor may it direct a verdict where “the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question” (Dolitsky v Bay Isle Oil Co., 111 AD2d 366, 366 [1985]; see Brownrigg v New York City Hous. Auth., 70 ÁD3d 619 [2010]).
Here, viewing the evidence in the light most favorable to the non-moving parties, and giving them the benefit of all favorable inferences which could reasonably be drawn from the evidence, the trial court erred in granting Gori’s motion for judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against her, and sua sponte finding that Ghazy and, hence, Eldib, were 100% at fault in the happening of the accident. Based on the evidence adduced at trial, a rational trier of fact could conclude that Gori may have contributed to the happening of the accident. The disparity in the testimony of the plaintiff and Ghazy as to how this accident occurred presented material issues of fact and credibility that *775 should have been resolved by the jury (see Dolitsky v Gitzler, 111 AD2d 366, 366 [1985]).
Accordingly, the trial court improperly granted Gori’s motion pursuant to CPLR 4401 for judgment as a matter of law, and improperly found, sua sponte, that Ghazy and, hence, Eldib, were 100% at fault. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new trial on the issue of liability and, if warranted, a trial on the issue of damages.
Contrary to the contentions of Ghazy and Eldib, the Supreme Court properly denied their request for a missing witness charge with respect to Gori, who was precluded by an earlier order from testifying at trial (see Bonomo v City of New York, 78 AD3d 1094 [2010]). Lott, J.P, Austin, Miller and Hinds-Radix, JJ., concur.