■ IRVING GALARZA, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [997 NYS2d 726]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Lane, J.), entered June 12, 2013, as, upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against the defendant City of New York, made at the close of evidence, upon the granting of those branches of the motion of the defendant City of New York which were pursuant to CPLR 4401 to dismiss the fourth and fifth causes of action to recover damages for violations of Labor Law §§ 200 and 241 (6) insofar as asserted against it, made at the close of evidence, and upon a jury verdict, is in favor of that defendant and against him, in effect, dismissing those causes of action insofar asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

To be entitled to judgment as a matter of law pursuant to CPLR 4401, a plaintiff has the burden of showing that there is no rational process by which the jury could find in favor of the defendant and against the moving plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Bzezi v Eldib*, 112 AD3d 772, 774 [2013]). In considering a motion for judgment as a matter of law, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Bzezi v Eldib*, 112 AD3d at 774). "In making this de-

termination, a court must not 'engage in a weighing of the evidence,' nor may it direct a verdict where 'the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question' " (*Bzezi v Eldib*, 112 AD3d at 774, quoting *Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366, 366 [1985]; *see Brownrigg v New York City Hous. Auth.*, 70 AD3d 619 [2010]).

Here, the Supreme Court properly denied the plaintiff's motion for judgment as a matter of law on his cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant City of New York, which was based, in part, upon conflicting testimony between the plaintiff and his coworker as to whether the plaintiff was involved in an accident in which he fell from the ceiling to the floor. This conflicting evidence raised a credibility issue for determination by the jury.

Moreover, contrary to the plaintiff's contentions, the Supreme Court properly submitted to the jury the first interrogatory, which asked whether there was an accident that caused the plaintiff to fall to the floor, as that was the theory of liability the plaintiff relied upon during the trial (*see Galarza v Crown Container Co., Inc.*, 90 AD3d 703, 704 [2011]; *Siegel v Champion Parts*, 297 AD2d 796 [2002]).

The plaintiffs remaining contentions with respect to the causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against the City are without merit. Balkin, J.P., Hall, Austin and Barros, JJ., concur.