Creutzberger v County of Suffolk (2020 NY Slip Op 01321)





Creutzberger v County of Suffolk


2020 NY Slip Op 01321


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-07903
 (Index No. 39984/08)

[*1]John Creutzberger, respondent,
v
County of Suffolk, et al., appellants.


Dennis M. Brown, County Attorney (Devitt Spellman Barrett, LLP, Smithtown, NY [John M. Denby], of counsel), for appellants.
John L. Juliano, P.C., East Northport, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an interlocutory judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), entered July 11, 2017. The interlocutory judgment, upon the denial of the defendants' motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case on the issue of liability, and upon a jury verdict finding the defendant County of Suffolk 45% at fault in the happening of the accident, the defendant Long Island Maritime Museum 40% at fault, and the plaintiff 15% at fault, is in favor of the plaintiff and against the defendants on the issue of liability.
ORDERED that the interlocutory judgment is reversed, on the law, with costs, that branch of the defendants' motion which was, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing so much of the complaint as was predicated upon a theory that the defendants created a dangerous or defective condition through an affirmative act of negligence is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of liability in accordance herewith.
On September 2, 2007, the plaintiff attended a music and arts festival on a property owned by the defendant County of Suffolk and occupied by the defendant Long Island Maritime Museum (hereinafter the Museum, and together with the County, the defendants). The plaintiff alleged that he was injured when the bicycle he was riding on a grass path struck the edge of an elevated boardwalk, throwing him to the ground. The boardwalk was elevated approximately five inches above the ground. The plaintiff commenced this action to recover damages for personal injures he sustained in the accident, and the matter proceeded to a jury trial on the issue of liability. The plaintiff pursued multiple theories of liability at the trial, including that the defendants breached their duty to adequately illuminate the area where the accident occurred, and that the defendants created a dangerous or defective condition through an affirmative act of negligence by cutting the grass to the same level as the boardwalk, thereby concealing the height differential between the boardwalk and the grass path.
At the close of the plaintiff's case on the issue of liability, the defendants moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the [*2]ground that the plaintiff had failed to make out a prima facie case. The Supreme Court denied the defendants' motion. At the conclusion of the liability phase of the trial, the jury, answering a general verdict sheet, found the County 45% at fault in the happening of the accident, the Museum 40% at fault, and the plaintiff 15% at fault. An interlocutory judgment was entered upon the jury verdict, and the defendants appeal.
"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556).
Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for a defect within the scope of the law unless it has received prior written notice of the defect or an exception to the prior written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474; Gori v City of New York, 171 AD3d 1025, 1025-1026). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (Forbes v City of New York, 85 AD3d 1106, 1107; see Amabile v City of Buffalo, 93 NY2d at 474).
Here, the plaintiff asserted that the requirement for prior written notice was obviated because the defendants created a dangerous or defective condition through an affirmative act of negligence by cutting the grass to the same level as the boardwalk, thereby concealing the height differential between the boardwalk and the path. However, at trial, the plaintiff failed to proffer any evidence that the defendants mowed the grass abutting the boardwalk to the same level of the boardwalk (see Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1097). To the contrary, the plaintiff presented the testimony of a park supervisor employed by the County, who testified that the grass was not cut to make it even with the boardwalk, but rather, the grass was cut "[d]own to the ground." Thus, upon the evidence presented at trial, there was no rational process by which the jury could base a finding in favor of the plaintiff on the theory that the defendants created a dangerous or defective condition through an affirmative act of negligence (see Szczerbiak v Pilat, 90 NY2d at 556).
Since a general verdict sheet was submitted to the jury, we cannot ascertain whether the jury's verdict was predicated on a finding in the plaintiff's favor on the theory that the defendants breached their duty to adequately illuminate the area where the accident occurred, or on the affirmative negligence theory, which should not have been submitted to the jury (see Davis v Caldwell, 54 NY2d 176, 179-180; DePasquale v Morbark Indus., 221 AD2d 409, 410). Accordingly, the interlocutory judgment must be reversed, and the matter remitted to the Supreme Court, Suffolk County, for a new trial on the issue of liability (see Davis v Caldwell, 54 NY2d at 179-180; DePasquale v Morbark Indus., 221 AD2d at 410).
The defendants' remaining contentions are unpreserved for appellate review.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court