Aponte v New York City Hous. Auth. (2021 NY Slip Op 05114)





Aponte v New York City Hous. Auth.


2021 NY Slip Op 05114


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-10745
 (Index No. 101454/13)

[*1]Blanche Aponte, et al., respondents, 
v
New York City Housing Authority, appellant.


Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik and Sharyn Rootenberg of counsel), for appellant.
Kuharski, Levitz & Giovinazzo, Staten Island, NY (Lonny R. Levitz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Richmond County (Philip S. Straniere, J.), entered September 22, 2017. The judgment, upon an order of the same court dated October 13, 2016, granting the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and upon a jury verdict on the issue of damages, among other things, awarding damages to each of the plaintiffs, is in favor of the plaintiffs and against the defendant in the principal sum of $204,000, with interest at the rate of 9% per annum.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.
In 2013, the plaintiffs, apartment residents in a housing development owned by the defendant, New York City Housing Authority (hereinafter NYCHA), commenced this action against NYCHA to recover damages for personal injuries they alleged they sustained from prolonged bedbug infestation of their apartment. The plaintiffs alleged that NYCHA's negligence in failing to undertake appropriate exterminating measures caused their injuries. NYCHA answered, asserting, inter alia, a defense of comparative negligence.
In September 2016, a jury trial was held, during which each plaintiff testified, as did an exterminator employed by NYCHA and the former and current property managers of the building at issue. The parties each also presented expert testimony. Documentary evidence was also introduced, including numerous work orders related to NYCHA's treatment of the plaintiffs' apartment for bedbugs.
At the close of evidence, in an order dated October 13, 2016, the Supreme Court granted the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. The court directed the jury to "decide only the question of damages," on the ground that [*2]"the question of liability has already been decided." The court further instructed the jury that it "previously determined that [NYCHA] was negligent in failing to eradicate the bedbugs from the Plaintiffs' apartment," and the jury "will only have to decide if the Plaintiffs were negligent as well," and "whether the Plaintiff[s'] conduct contributed to causing the incident." The court further instructed, with respect to the third question on the verdict sheet regarding apportionment of fault to NYCHA, that "the Court has found [NYCHA], responsible as a matter of law, [so] you must assign some percentage [of fault] to it."
The jury returned a verdict awarding the plaintiffs damages for past pain and suffering and apportioning fault. A judgment was entered on September 22, 2017, in favor of the plaintiffs and against NYCHA in the principal sum of $204,000, with interest at the rate of 9% per annum from the date of the verdict. NYCHA appeals.
A landowner "owes a duty of care to maintain his or her property in a reasonably safe condition" (Gronski v County of Monroe, 18 NY3d 374, 379; see Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267). The adequacy of a defendant landlord's efforts to discharge its duty to remedy a hazardous condition "is to be governed by a standard of reasonableness" (Juarez v Wavecrest Mgmt. Team, 88 NY2d 628, 645). Evidence of industry custom and practice is relevant, but not conclusive, to the question of whether the defendant's conduct was reasonable (see Trimarco v Klein, 56 NY2d 98, 106-107).
A motion pursuant to CPLR 4401 should not be granted unless, affording the party opposing the motion every inference which may properly be drawn from the facts presented, and viewing the evidence in the light most favorable to the nonmovant, there is no rational process by which the jury could find for the nonmovant against the moving party (see Szczerbiak v Pilat, 90 NY2d 553, 556; Bzezi v Eldib, 112 AD3d 772, 774). A court considering a motion for a directed verdict "must not 'engage in a weighing of the evidence,' nor may it direct a verdict where 'the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question'" (Bzezi v Eldib, 112 AD3d at 774, quoting Dolitsky v Bay Isle Oil Co., 111 AD2d 366, 366).
Here, the evidence adduced at trial, viewed in the light most favorable to NYCHA, did not establish that there is no rational process by which the jury could find in favor of NYCHA (see Szczerbiak v Pilat, 90 NY2d at 556). The evidence included the plaintiffs' testimony, as well as the parties' competing expert testimony regarding the appropriate protocols for the treatment of a bedbug infestation and competing conclusions by the expert witnesses as to whether NYCHA's bedbug eradication efforts were appropriate. Although a landlord's violation of a municipal ordinance, including, as relevant here, Administrative Code of the City of New York §§ 27-2017 and 27-2018, may constitute some evidence of negligence for the jury to take into account, it does not constitute negligence per se (see Elliott v City of New York, 95 NY2d 730, 734-735; Major v Waverly & Ogden, 7 NY2d 332, 336).
As the trial evidence did not establish that there was "no rational process by which the jury could base a finding" (Creutzberger v County of Suffolk, 180 AD3d 991, 993) that NYCHA was not negligent, or that NYCHA's negligence was not a substantial factor in the happening of the complained-of incident, the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability should have been denied (see Creutzberger v County of Suffolk, 180 AD3d at 993). Contrary to the plaintiffs' contention, the record does not support their assertion that the Supreme Court's error did not prejudice a "substantial right" of NYCHA (CPLR 2002), or that the jury's verdict "would have been the same" if not for the error (Rosenberg v Jing Jiang, 153 AD3d 744, 745).
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Richmond County, for a new trial on the issue of liability and, thereafter, if warranted, a trial on the issue of damages.
In light of the foregoing, we need not reach NYCHA's remaining contention.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court