■ LOUISE KUSNER et al., Respondents, v. MUNICIPAL HOUSING AUTHORITY for the City of Yonkers, Appellant.— In a negligence action to recover damages for personal injury, loss of services, etc., the defendant appeals from an order of the Supreme Court, Westchester County, dated October 29, 1963, which denied its motion to dismiss the complaint for lack of prosecution (CPLR 3216). Order reversed, without costs; motion granted and complaint dismissed. Issue was joined October 4, 1961, at which time a demand was made for a bill of particulars. The plaintiffs did not serve a bill of particulars, and nothing was done to place the action on the Trial Calendar until the motion to dismiss for lack of prosecution was made 23 months later (on Sept. 4, 1963). The explanation of plaintiffs' counsel for the delay was that the papers were misfiled through inadvertence. In our opinion, such explanation is insufficient to excuse the unreasonable delay in prosecuting the action; hence, it was an improvident exercise of discretion to deny the motion to dismiss the complaint (*Keating* v. *Smith*, 20 A D 2d 141; *Gallagher* v. *City of New York*, 19 A D 2d 623). Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ ARLENE LOCKWOOD et al., Respondents, v. CARLTON S. PROCTOR, Appellant.— In an action by plaintiff Arlene Lockwood to recover damages for personal injury sustained by her as a consequence of a fall on an unilluminated outside rear stairway, leading from a small room off the kitchen of defendant's one-family dwelling to a flagstone walk bordering a driveway; and by her husband Charles Lockwood to recover damages for medical expenses and loss of services, the defendant appeals from a judgment of the City Court of Mount Vernon, entered October 14, 1960 after trial, upon a jury's verdict in the plaintiffs' favor. Judgment reversed on the law and the facts, without costs, and complaint dismissed. In our opinion, the plaintiffs failed to establish that the stairway in any way contained an actionable defect or hidden condition of peculiar danger, calling for special warning. Plaintiffs showed neither faulty construction nor negligent maintenance (cf. *Ranftle* v. *City Athletic Club*, 20 A D 2d 716; *Mulac* v. *Greentree Homes*, 256 App. Div. 1107); they merely established that the female plaintiff fell in darkness on the stairway. Photographs of the stairway in evidence show no inherent condition of peculiar danger or unique hazard; they indicate that the stairway is the common, conventional type found in suburban one-family dwellings. Plaintiffs offered no proof that the stairway was built in violation of statutory requirements or of acceptable building practices, or that the injury was caused by any defective step or landing or by any foreign matter on the stairway. Moreover, as charged by the trial court, there was no statutory duty on defendant's part to illuminate the stairway. When the residual specification of negligence is the lack of light in an area where the law imposes no duty on the defendant to supply illumination, the proof is insufficient to create a jury question (*Hirschler* v. *Briarcliff Mgt. Corp.*, 275 App. Div. 422, affd. 300 N. Y. 680). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.