■ Louis BERGMANN, Respondent, v. JOSEPH F. DAINO, Doing Business as LEHIGH VALLEY HOTEL, et al., Appellants.— *Per Curiam.* Appeal from a judgment of the Supreme Court, Tompkins County, entered on a jury verdict, in favor of respondent in the amount of $8,548.65 plus costs on the grounds that the judgment is against the weight of the evidence and also excessive. At about 2:00 P.M. on September 9, 1963, respondent entered the carry-out section of the appellant's restaurant to purchase some food. Having ordered his food, the respondent asked the counterman for directions to the men's room, and was directed to take a door at the rear of the carry-out section, through the kitchen, to an adjoining dining room which was adjacent to the toilet. The respondent proceeded as directed through the carry-out section, into the kitchen and through the kitchen towards the dining room. Entrance to the dining room from the kitchen was afforded by proceeding through a 4-foot long 32-inch wide 80-inch high passageway and then a swinging door. The wall of the passageway to respondent's left was solid and the " wall " to his right consisted of a solid piece of plywood which filled the entire wall area except for a 5-inch frame surrounding it. This plywood was hung on hinges which were not visible when the so-called " door " was closed. This " door " served as access to a stairway leading into the cellar. The two walls and the ceiling were all painted the same color. As respondent approached the swinging door, he saw a waitress coming through from the dining room, stepped back to his right to give her room, and fell through the door and down 10–15 steps into the cellar. The respondent testified that as he stepped back " the wall just seemed to collapse ". It is appellant's contention that there is no proof of negligence on his part. He points out that there is no evidence as to standards of construction, or as to previous trouble with the door. Conceding these assertions to be correct, it does not necessarily follow that the jury's verdict is vitiated. A jury even if there is introduced no expert proof of what should have been done can still properly decide that certain conduct was unreasonable if the evaluation is within the competence of men of affairs generally. In our view the construction of the door and the fact that behind it were steps leading to a cellar without any platform at the top justified the jury's conclusion. Nor is the fact appellant had no actual notice of the unsafe condition controlling. Appellant is responsible for an unsafe condition causing injury even without notice if it has existed for such a period of time as would constitute notice to a reasonable man and since the present condition concededly had existed since 1950 the jury could properly find sufficient notice. Appellant also urges that respondent was guilty of contributory negligence as a matter of law because he failed to see the door. We find no merit in this contention. At best there was a factual question as to whether appellant was careless in not seeing this door which was constructed to look like a wall. This respondent suffered a compressed fracture of a vertebra, with permanency, and had a long period of hospitalization and continued disability and pain. We do not find the verdict excessive. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.