■ HARVEY ROSEN, Appellant, v SALEM TRUCK LEASING, INC., Respondent. (And a Third-Party Title.) — In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County (Bellard, J.), entered September 23, 1983, which was in favor of the defendant, upon the trial court's dismissal of the complaint at the close of all the testimony.

Judgment affirmed, with costs.

Although we disagree with defendant's contention that expert testimony was required to establish the existence of a defective condition, the trial court properly dismissed the complaint at the close of all the testimony.

An expert witness is required to support a claim of departure from safe practice only where the issue involved transcends the realm of knowledge that lay persons possess, such as standards of medical care (*Meiselman v Crown Hgts. Hosp.,* 285 NY 389). The structure and safety of a (ladder-like) step frame at the rear of a truck that is used to mount the truck is certainly within the realm of experience that a juror can use to decide the issue of dangerous condition (*see, Havas v Victory Paper Stock Co.,* 49 NY2d 381).

However, plaintiff's evidence was insufficient to allow a jury to conclude that the one-step frame was dangerous. The uncontradicted evidence at trial showed that many trucks have only the single step, that other coemployees of plaintiff had used the

truck at issue with only a single step for over 10 months without incident, and that the manufacturer of these trucks made them with only one step. Plaintiff, who had not driven a truck for at least three years, set forth no evidence to show that he was justified, without looking, in assuming that there would be two steps on the frame (*Vella v Seacoast Towers "A"*, 32 AD2d 813).

Accordingly, the complaint was properly dismissed (*Lockwood v Proctor,* 21 AD2d 686). Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.