■ LAURA M. PAYNTER et al., Respondents, v ROBERT MOORE-HOUSE, Appellant. [704 NYS2d 718] —Cardona, P. J. Appeal from an order of the Supreme Court (Demarest, J.), entered November 18, 1999 in St. Lawrence County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Laura M. Paynter (hereinafter plaintiff) sustained injuries when she fell into a cellar stairwell at a building owned by defendant and leased in part to a health clinic. According to plaintiff, she had an appointment at the health clinic, which she had not previously visited. Upon her arrival at defendant's building, plaintiff discovered that the front entrance did not lead to the clinic and she walked around to the side of the building where she found another door with a sign directing clinic patients to the back of the building. At the back of the

building, plaintiff found two doors, one with a sign showing the hours of the clinic. She could see through the window of this door that no lights were on and she found the door to be locked. Turning to the other door, plaintiff could see through its window that a light was illuminating some boxes. She opened the unlocked door, stepped in and immediately fell into the cellar stairway located just inside the door. Following the commencement of this personal injury action by plaintiff and her husband, derivatively, Supreme Court denied defendant's motion for summary judgment dismissing the complaint. Defendant appeals.

"[L]andowners, who have or should have reason to expect that persons will find it necessary to encounter [an] obvious danger, owe a duty of reasonable care to either warn such persons of the danger or to take other reasonable steps to protect them from it" (*Comeau v Wray*, 241 AD2d 602, 603). Acknowledging that an open cellar stairway adjacent to the clinic entrance constituted a danger to clinic patients, defendant notes that, after he purchased the building and prior to the opening of the clinic, he constructed a block wall around the stairway and installed a door, which was always locked to keep people out. Thus, defendant contends that he took reasonable steps to protect persons from the danger and that, in the absence of evidence that he knew the door was unlocked, he is entitled to summary judgment dismissing the complaint.

Defendant testified, however, that he had the only key to the door and, while he stated that he always locked the door, he offered no explanation as to how the door could have been unlocked when plaintiff fell. A jury could reasonably find that the door opening into a cellar stairway with no platform at the top constituted an unsafe condition (*see, e.g., Bergmann v Daino*, 26 AD2d 889) and defendant's testimony demonstrated that he kept the door locked because he was aware of the hazard the stairway posed to clinic patients. Plaintiff's testimony that the door was unlocked and defendant's testimony that he had the only key created a question of fact as to whether he failed to lock the door, thereby exposing plaintiff to the unsafe condition. Although defendant testified that he always locked the door and that he believed he locked it the last time he used the door prior to plaintiff's fall, his failure to explain how the door could have been unlocked while he had the only key presented a question of credibility which cannot be resolved on a motion for summary judgment (*see, Butzer v Scharf*, 263 AD2d 862, 863). In fact, defendant conceded that "I could have locked it, but it may not have been locked." In view of the foregoing,

we cannot say that Supreme Court erred in denying defendant's summary judgment motion.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.