■ ROSALIND MICCOLI, Appellant, v GEORGE H. KOTZ, Respondent. [717 NYS2d 661] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 4, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff alleges that she tripped and fell while leaving the defendant's home. In her affidavit in opposition to the defendant's motion for summary judgment, she asserted, "I exited the premises by way of the front door and could not see the landing or the dark mat on the landing because there was no lighting over the stairs. I exited the doorway by placing [my] right foot on the landing of the steps and tripped over a burlap dark mat. The lack of lighting and the mat caused me to fall. Because of the lack of lighting, I could not see the dark mat which I tripped over."

In a factually-similar case, the Court of Appeals held that a landowner has a duty to provide reasonable illumination to the exterior portions of his or her premises (*see, Gallagher v St. Raymond's R.C. Church,* 21 NY2d 554; *see also, Quinlan v Cecchini,* 41 NY2d 686). In this case, since the accident occurred at 1:00 A.M., the defendant homeowner must be presumed to have had notice that it was dark outside of his home. We cannot say, based on the record before us, whether the natural conditions prevailing around the defendant's home at that hour of night necessarily warranted the use of artificial lighting, or whether the artificial lighting which was available at the defendant's home was in fact in use, or, if so, whether such artificial illumination was adequate under all of the circumstances.

The defendant's motion was supported by the affirmation of an attorney who had no personal knowledge of the facts of the

case, and various exhibits, including the unsigned transcript of the defendant's deposition testimony, in which it was revealed that he was not home when the accident occurred. The defendant was thus in no position to provide competent evidence as to whether any exterior lights available at his house were in fact in use at the time of the accident. Under all of the circumstances presented, we find that the defendant did not demonstrate his entitlement to judgment in his favor as a matter of law in the first instance, and therefore summary judgment was unwarranted, irrespective of the quantity or quality of the evidence submitted by the plaintiff in opposition (*see generally, Shirman v New York City Tr. Auth.*, 264 AD2d 832; *Rivas v Waldbaums Supermarket*, 247 AD2d 600). Bracken, J. P., Ritter and S. Miller, JJ., concur.

Santucci, J., dissents and votes to affirm the order in the following memorandum: In my opinion the Supreme Court correctly granted the defendant's motion to dismiss the complaint.

As noted by the majority, the plaintiff alleges that she was injured when she fell on the exterior concrete steps leading to the front door of the defendant's house. She further alleges that "the lack of lighting and the mat [at the top of the stairs] caused me to fall." It is well settled that to establish a prima facie case of negligence against a defendant, a plaintiff is required to "establish that defendant either created the allegedly dangerous or defective condition or had actual or constructive notice thereof" (*George v Ponderosa Steak House*, 221 AD2d 710, 711; *see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969). In addition, a plaintiff must demonstrate that the alleged dangerous condition was the proximate cause of his or her injury (*see, Leary v North Shore Univ. Hosp.*, 218 AD2d 686, 687).

There is no duty upon a private homeowner to artifically light the exterior of his or her property (*see, Lockwood v Proctor*, 21 AD2d 686; *see also*, 86 NY Jur 2d, Premises Liability § 328). This is in contrast to the duty imposed in that regard upon the owner of a *public* building who is required to "light the exterior of his building at those times when it is open to the *public*" (*Gallagher v St. Raymond's R.C. Church*, 21 NY2d 554, 558 [emphasis supplied]). Furthermore, the plaintiff's vague assertions regarding the condition of the mat are insufficient to raise a factual issue as to whether the mat was proximately related to her fall (*see, Dapp v Larson*, 240 AD2d 918).

Under these circumstances, there is no basis to impose liability upon the defendant. Thus the motion for summary judg-

ment was properly granted, regardless of the fact that it was not supported by an affidavit from the defendant homeowner himself (*see generally, Fox v Kamal Corp.,* 271 AD2d 485; *Russo v Eveco Dev. Corp.,* 256 AD2d 566).