■ ELVIRA KARSDON, Respondent, v ROBERT F. BARRINGER et al., Appellants, and RICHARD LANGER, Respondent. [748 NYS2d 395] —In an action to recover damages for personal injuries, the defendants Robert F. Barringer and Alice Barringer appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated November 13, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

This action arises from a fall into an exterior basement stairwell which occurred during the evening hours of May 31, 1999, at a house owned by the defendants Robert F. Barringer and Alice Barringer (hereinafter the landowners) and leased to the defendant Richard Langer. The plaintiff, a guest of Langer, alleges that she fell into an outside stairwell located adjacent to the basement of the house while walking around the side of the house in the dark. The plaintiff further alleges, inter alia, that the landowners were negligent in failing to properly illuminate the area, to place a railing or barricade around the stairwell, or to warn her of the existence of the dangerous condition. The Supreme Court denied the landowners' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, finding the existence of triable issues of fact as to whether they properly maintained their property in a reasonably safe condition. We agree.

A landowner owes a duty "to exercise reasonable care in maintaining his property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Kurshals v Connetquot Cent. School Dist.,* 227 AD2d 593; *see Basso v Miller,* 40 NY2d 233; *Laluna v DGM Partners,* 234 AD2d 519). Since the landowners failed to establish as a matter of law that the plaintiff's injury was not fore-

seeable, this matter should be submitted to a jury to determine whether there was a lack of reasonable care in the maintenance of the premises (*see Quinlan v Cecchini,* 41 NY2d 686).

The landowners' remaining contentions do not require reversal. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.