■ Evelyn Wrubel et al., Respondents, v Rose Boutique II, Inc., et al., Appellants-Respondents, and Kostas & Michael Realty Corp., Respondent-Appellant. [787 NYS2d 263]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered April 30, 2004, which denied so much of the

motion by defendant Kostas & Michael Realty and the cross motion by the Rose Boutique defendants for summary judgment, but granted so much of the motion by Kostas & Michael Realty for indemnification against the Rose Boutique defendants, unanimously modified, on the law, the motion for summary dismissal by Kostas & Michael Realty granted, that part of the order relating to indemnification vacated, and otherwise affirmed, without costs.

Plaintiff alleges injury from a fall down an interior stairway leading from the ground floor to the basement in property owned by defendant Kostas & Michael Realty and leased to defendant Rose Boutique, which operated a flower shop on the premises. Plaintiff had selected some plants at the store and handed them to a clerk at the counter, where she inquired about birthday balloons. She was directed to some shelves on the opposite wall, which were adjacent to an open stairway. Attempting to retrieve some of these balloons, she slipped and tumbled down the stairs.

There are triable issues of fact as to whether the stairs were a dangerous trap, hidden from the view of customers, or whether their presence was readily apparent to a reasonably aware person; whether the store clerk had told plaintiff to pick out the balloons herself without warning her of the stairs nearby; and whether the store defendants breached their duty to maintain the premises in a reasonably safe manner by erecting shelves with merchandise so close to a stairway with an unprotected entrance.

Even though Kostas & Michael Realty, the property owner, retained the right to re-enter the premises, it was nonetheless an out-of-possession landlord with no direction or control of the layout and operation of the flower shop. There is no indication it played any role in designing the store, including the placement of shelves. Whether the owner may have been responsible for the structural condition of the stairs is irrelevant. Plaintiff's fall was not attributable to any structural defect. Plaintiff has presented proof that would permit a jury to find that the accident was, in whole or in part, due to one or more of the following alleged factors: configuration of the store interior, with shelving hung immediately adjacent to the stairway leading down to the basement; placement of the merchandise on a shelf directly above the top step of the stairs; the unprotected nature of the entrance to the staircase; the employee's directing of plaintiff to the location in question without any warning about the stairs; and plaintiff's inability and/or failure to notice the staircase when she reached for the balloons. The owner's right

of re-entry principally to access the basement was thus unrelated to the accident, entitling it to summary dismissal. This analysis obviates the need to consider the owner's common-law or contractual right to indemnification from defendant Rose Boutique. Concur—Nardelli, J.P., Andrias, Ellerin, Marlow and Sweeny, JJ.