OPINION OF THE COURT
Herbert Kramer, J.
*599 Plaintiff alleges that an opaque curtain framing the entrance to defendant Jenny Farm’s store obstructed his view of an open trap door leading to a cellar that was located immediately beyond the curtain thereby causing him to fall into the opening and sustain injuries. The trap door had apparently been left open by a person delivering goods to the store.
Defendants, Josephine Fratangelo, Peter E Fratangelo and Dominick Pensabene, out-of-possession landlords, cross-move for summary judgment dismissing the plaintiffs complaint and cross claims asserted by defendant, Jenny Farm, on the ground that as out-of-possession owners they are responsible only for defective maintenance, construction or repair of the trap door, none of which was evidenced here, and that they had no notice of or control over the plastic curtains, the delivery of merchandise or the placement of warnings over the cellar doors.
Evidence was submitted on this motion to the effect that the defendant store was renovated some 8 to 10 years earlier, which renovation involved the removal of the original plate glass storefront and the placement of a large awning which extended the front of the store into the street area causing the cellar doors to be included within the store, behind the plastic curtain. There was evidence that the landlord was aware of this renovation and approved it. Moreover, the landlord would come to the store at least once a month to collect the rent. The lease gave the landlord the right of reentry.
The plaintiffs’ theory is that the configuration and placement of the curtain relative to the location of the trap doors was a design defect tantamount to structural defect that created a dangerous condition of which the landlord had constructive notice.
Discussion
Ordinarily, “an out-of-possession landlord[ ] cannot be held liable for plaintiffs injuries arising out of the negligent use of a trap door not shown to be structurally defective.” (Youn v Bali 9 Bldg. Assoc., 2003 NY Slip Op 50608[U], *1 [Sup Ct, App Term 2003].) Thus, in Almanzar v Picasso’s Clothing (281 AD2d 341 [1st Dept 2001]), plaintiff’s injury, which was allegedly caused by the placement of a fish tank in front of an open trap door in a store, was not attributable to the out-of-possession landlord who had the right of reentry in the absence of evidence showing that the trap door was normally kept open for structural reasons.
However, it is also true that “[t]he law places upon the owner a duty of care ‘measured by whatever public safety requires.’ ” *600 (Kirby v Newman, 239 NY 470, 474 [1925].) Indeed, “landowners, who have or should have reason to expect that persons will find it necessary to encounter [an] obvious danger, owe a duty of reasonable care to either warn such persons of the danger or to take other reasonable steps to protect them from it.” (Paynter v Moorehouse, 270 AD2d 708, 709 [3d Dept 2000].)
This court is cognizant of the fact that the defect alleged here is not one of structure, i.e., that “the trap door itself was an unsafe construction” (Brown v Weinreb, 183 AD2d 562, 563 [1st Dept 1992]), but rather one of design. However, design and configuration can just as readily create a dangerous condition.
Courts have recognized that as “a matter of ‘[sjimple logic’ ... a door swinging over steps may create a ‘hazardous and unsafe condition’.” (Griffin v Sadauskas, 14 AD3d 930, 930 [3d Dept 2005].) Here, when the cellar door was open, the opaque curtain “swung out” — so to speak — over a conveyer belt or slide leading to the basement. The evidence shows that the landlord approved the design change which placed the plastic curtains in front of the cellar doors, thus creating a trap for the unwary each and every time there was a delivery through the cellar door. The evidence showed that such deliveries were frequent and that the landlord visited the premises at least once a month. This was sufficient to make out a prima facie showing of constructive notice to the landlord of the hazardous condition.
Under these circumstances, this court holds that such a design configuration is the equivalent of a structural defect for which this out-of-possession landlord may be held liable. It will be for a jury to decide whether the landlord can be chargeable with negligence for failing to foresee the potential for danger in the configuration of a curtain and a trap door that is in frequent use by delivery people.
Accordingly, the defendants Fratangelo and Pensabene’s cross motion for summary judgment is denied in all respects.