■ Basya Pollack, Appellant, v Dov Klein et al., Respondents. [835 NYS2d 290]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), entered October 3, 2006, which, upon the granting of the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, to dismiss the complaint for failure to establish a prima facie case, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

Upon a motion to dismiss for failure to establish a prima facie case at the close of the plaintiff's evidence, the trial court must determine "whether there [is] any rational basis on which a jury could [find] for plaintiffs, the plaintiffs being entitled to every favorable inference which could reasonably be drawn from the evidence submitted by them" (*Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]; *see Szczerbiak v Pilat*, 90 NY2d 553 [1997]; *Tapia v Dattco, Inc.*, 32 AD3d 842 [2006]; *Velez v Goldenberg*, 29 AD3d 780 [2006]).

Viewing the evidence in this case in the light most favorable to the plaintiff, we find that the Supreme Court erred in granting the defendants' motion. The testimony of the plaintiff, largely corroborated by excerpts from the deposition of the defendant Ahuva Nicole Klein which were read into the record, demonstrated that the plaintiff was injured while she was an overnight guest at the defendants' single-family residence when she was led down a dark hallway by Ahuva Nicole Klein, stepped through an open doorway, and fell down a set of concrete steps leading to the basement. According to the plaintiff, she was totally unfamiliar with that area of the house, she was unable to see anything in the hallway, and the defendants failed to illuminate the area, to close the basement door, or to take any steps to warn her of the danger. Given this evidence, the case should have been submitted to the jury for resolution rather

than being disposed of as a matter of law (*see Quinlan v Cecchini*, 41 NY2d 686 [1977]; *Gordon v Muchnick*, 180 AD2d 715 [1992]; *see also Wrubel v Rose Boutique II, Inc.*, 13 AD3d 264 [2004]; *Karsdon v Barringer*, 298 AD2d 501 [2002]; *Miccoli v Kotz*, 278 AD2d 460 [2000]; *Paynter v Moorehouse*, 270 AD2d 708 [2000]). The defendants' contentions to the contrary are factually inapposite and legally unpersuasive. Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.