■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SANTANA, Appellant. [873 NYS2d 229]—Judgment, Supreme Court, New York County (Laura Ward, J.), rendered on or about June 22, 2007, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.

■ BARBARA WITT et al., Appellants, v HILL ST. COMMERCIAL, LLC, Respondent and Third-Party Plaintiff-Respondent. DAN'S PAPERS, INC., Third-Party Defendant-Respondent. [873 NYS2d 59]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered October 16, 2007, which granted the motions of defendant and third-party defendant for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Dismissal of the complaint was appropriate in this action where plaintiff Barbara Witt, while at her husband plaintiff Phillip Witt's office, which was closed for business that day, was looking for a bathroom when she opened a door marked "Employees Only," and fell down a flight of stairs as she attempted to turn on a light. Following a prima facie showing of entitlement to judgment as a matter of law by defendant building owner and third-party defendant commercial tenant (Phillip's employer), plaintiffs failed to raise a triable issue of fact regarding whether there were structural defects on the premises, or whether any act or omission by the owner or tenant proximately caused the injuries that resulted from Barbara's fall (see e.g. Kane v Estia Greek Rest., 4 AD3d 189, 190-191 [2004]). Contrary to plaintiffs' contention, the closed door marked "Employees Only," in an office that was closed for business, did not constitute a trap or hazardous condition, particularly since plaintiffs failed to provide a nexus between the conditions existing in the premises and Barbara's fall.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.