■ RICHARD BROWNRIGG, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [898 NYS2d 545]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated June 11, 2008, which, after directing a verdict for the plaintiff on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 241-a, and upon a prior jury verdict awarding the plaintiff damages in the principal sum of $660,000, is in favor of the plaintiff and against it in the principal sum of $660,000, and the plaintiff cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability; and it is further,

Ordered that in the event that the defendant is found liable at the new trial, the damages award shall be reinstated; and it is further,

Ordered that the defendant is awarded one bill of costs.

This is the second time this case has come before us. On the first appeal by the defendant, New York City Housing Authority, we reversed a judgment which was entered upon the decision of the trial court (Douglas, J.) awarding, on the eve of trial, the plaintiff summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law

§ 241-a but preserved the jury's damages award, pending resolution of the issue of liability after the new trial (*see Brownrigg v New York City Hous. Auth.*, 29 AD3d 721 [2006]). The case now comes before us on the defendant's appeal from a judgment entered upon a directed verdict in favor of the plaintiff and against it. We again reverse.

The plaintiff and his coworker, both elevator mechanics, were repairing one of two elevators sharing a common shaftway, while the other elevator remained in operation. Upon returning to the elevators after making a telephone call, the plaintiff summoned the operational elevator, stepped part way into it, looked up into the shaftway, and called out to his coworker to ask on which floor the coworker was working. As the coworker, who was on top of the cab of the elevator being repaired, turned to answer, he knocked a tool off the top of the elevator's cab, which fell, injuring the plaintiff's right eye. The plaintiff sued the defendant alleging, inter alia, violations of Labor Law §§ 200, 241 (6) and § 241-a.

At the second trial on the issue of liability, the plaintiff proceeded primarily on the theory that the defendant's failure to install a vertical barrier between the two elevators sharing the shaftway in which he was working was a violation of Labor Law §§ 200 and 241 (6), and that this violation led to his injury. All witnesses who could recall the status of the shaftway agreed that there was no vertical barrier in place at the time of the plaintiff's injury.

Despite the plaintiff's focus on the vertical barrier theory, so much of the complaint as alleged a violation of Labor Law § 241-a, which requires horizontal barriers no more than one floor below and no more than two floors above any worker, remained before the jury as well. Although the plaintiff did not present evidence relating directly to this theory of liability, the defendant's counsel conceded in colloquy that there was no planking in place. In addition, the plaintiff's coworker initially testified that the tool fell from the level of the second floor, but, when recalled to the stand and confronted with his earlier affidavit, he stated that the tool fell from the level of the fourth floor.

Before the jury was called in on the second day of trial, the court expressed its intention to direct a verdict for the plaintiff on so much of the complaint as alleged a violation of Labor Law § 241-a on the basis that the defendant had failed to place planking as required by that statute. The defendant objected, proffering testimony that installing planking would have interfered with the operation of the elevator sharing the common shaftway in contravention of the Building Code of the City of New York

(Administrative Code of City of NY) § 27-989. The court refused to permit the defendant to present the proffered testimony and directed a verdict on the issue of liability in favor of the plaintiff on so much of the complaint as alleged a violation of Labor Law § 241-a.

Prior to directing a verdict in favor of one party to an action, a court must determine "whether there [is] any rational basis on which a jury could [find] for [the opposing party], the [opposing party] being entitled to every favorable inference which could reasonably be drawn from the evidence submitted by [it]" (*Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]; *see Pollack v Klein*, 39 AD3d 730, 730 [2007]). In making this determination, a court must not "engage in a weighing of the evidence," nor may it direct a verdict where "the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question" (*Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366, 366 [1985]).

Labor Law § 241-a provides that persons working in elevator shaftways must be protected by planking laid not more than two floors above and not more than one floor below the level on which the individual is working. However, in circumstances where "the work could not have been performed or not performed efficiently if the shaftway had been planked over," a defendant does not violate Labor Law § 241-a by failing to install planking (*Brzoza v Park P. E. P. Corp.*, 28 AD2d 867, 868 [1967]).

Here, by rejecting the defendant's proffered testimony, the court improperly resolved the issue of liability in favor of the plaintiff. In so doing, it effectively decided the factual question of whether it would have been possible for the defendant to install planking in compliance with Labor Law § 241-a without interfering with the operation of the other elevator sharing the shaftway in contravention of the Building Code of the City of New York § 27-989, which requires at least one elevator to remain in operation at all times. Furthermore, the court improperly resolved the factual question of the location of plaintiff's coworker, which might have a bearing on whether the alleged violation of Labor Law § 241-a was a proximate cause of the plaintiff's injury. Since the court failed to draw "every favorable inference" in favor of the defendant and because the court resolved disputed issues of fact (*Rhabb v New York City Hous. Auth.*, 41 NY2d at 202; *see Pollack v Klein*, 39 AD3d at 730; *Dolitsky v Bay Isle Oil Co.*, 111 AD2d at 366), the matter must be remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.

Contrary to the defendant's contention, however, the Supreme

Court properly permitted the plaintiff to impeach his own witness with his prior sworn statement (see CPLR 4514; *Jordan v Parrinello*, 144 AD2d 540 [1988]; *Caplan v City of New York*, 34 AD2d 549, 549-550 [1970]).

The plaintiff's remaining contentions are without merit.

As stated in our prior decision and order (*Brownrigg v New York City Hous. Auth.*, 29 AD3d at 723), the damages award was not excessive and, therefore, in the event that the defendant is found liable after the new trial, the damages award should be reinstated. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.