SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

188
CA 11-01477
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

CATHERINE KOVAL, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

EDWINA MARKLEY, DEFENDANT-RESPONDENT.

---

FINKELSTEIN & PARTNERS, LLP, NEWBURGH (VICTORIA LIGHTCAP OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (PAUL A. SANDERS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered January 11, 2011 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell down the basement staircase at defendant's home. Plaintiff used the bathroom in defendant's home upon her arrival, and she returned down the same hallway to use the bathroom several hours later. Although the hallway was dark at that time, plaintiff did not ask defendant where a light switch was located, nor did plaintiff attempt to find one. Plaintiff proceeded to open a door in the hallway to what she believed to be the bathroom, but the door led to the basement stairs. She then entered the doorway and fell down those stairs. Defendant moved for summary judgment dismissing the complaint on the grounds that there were no defects on her property that caused or contributed to plaintiff's injuries and that defendant had no duty to warn plaintiff of the unlit basement staircase. We conclude that Supreme Court properly granted defendant's motion.

Contrary to plaintiff's contention, her conduct in opening the basement door and entering the unlit staircase resulted in an open and obvious danger of which defendant had no duty to warn (*see Tagle v Jakob*, 97 NY2d 165, 169; *Duclos v County of Monroe*, 258 AD2d 925; *cf. Pollack v Klein*, 39 AD3d 730). Indeed, plaintiff had used the bathroom earlier during her visit. Moreover, plaintiff recognized that the door to the basement opened in a different manner than the door to the bathroom that she had used earlier, but she failed to turn

on any of the available lights in the hallway.  We reject plaintiff's further contention that defendant failed to instruct her in a proper manner regarding how to navigate the hallway to the bathroom.  There is no evidence in the record that defendant gave any erroneous directions to plaintiff (*cf. Guenzberg v Heyman*, 5 AD2d 766, *lv denied* 4 NY2d 676).

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court