■ CAROL L. SAWYERS, Respondent, v LAURENCE M. TROISI et al., Appellants. [945 NYS2d 188]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 2, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A property owner must act as a reasonable person in maintaining his or her property in a reasonably safe condition in view of all of the attendant circumstances, "including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Peralta v Henriquez*, 100 NY2d 139, 144

[2003] [internal quotation marks omitted]; *see Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury' " (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [some internal quotation marks omitted], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993]; *see Aguayo v New York City Hous. Auth.*, 71 AD3d 926, 927 [2010]).

Here, the plaintiff alleged that she fell down a stairway while walking down an unlighted hallway at the defendants' home, after dark. It is undisputed that, at the time of the accident, the sole hallway light fixture was not illuminated. The plaintiff could not locate the light switches for the hallway light fixture. One of those light switches was located at or near the foot of a stairway leading to an upper level, and the second light switch for that fixture was located at the opposite end of the hallway. The plaintiff walked through an opening, believing it to be the doorway to a restroom. However, the opening was in fact the entrance to a staircase leading to a lower level of the home. There was no door at the top of this staircase. The plaintiff fell down the staircase and allegedly was injured as a result.

The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint. Contrary to their contention, the defendants failed to establish, prima facie, that the unguarded stairway, in conjunction with the dark condition of the hallway and the location of the light switches, did not constitute an unreasonably dangerous condition. The affidavit of the defendants' expert was improperly submitted for the first time with the defendants' reply papers (*see Encarnacion v Smith*, 70 AD3d 628, 629 [2010]). In any event, even if the expert's affidavit were to be considered, the evidence submitted by the defendants failed to establish, prima facie, that the subject condition was not unreasonably dangerous, under the circumstances presented (*see Karsdon v Barringer*, 298 AD2d 501 [2002]; *Miccoli v Kotz*, 278 AD2d 460, 460-461 [2000]; *see also Quinlan v Cecchini*, 41 NY2d 686, 690 [1977]; *Pollack v Klein*, 39 AD3d 730 [2007]; *Wrubel v Rose Boutique II, Inc.*, 13 AD3d 264, 265 [2004]). The defendants also failed to establish, prima facie, that they lacked notice of the alleged condition (*see Pollack v Klein*, 39 AD3d at 731; *see also Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1073 [1992]), and they failed to establish, prima facie, that any conduct on the part of the plaintiff was the sole proximate cause of the occurrence (*see Quinlan v Cecchini*, 41 NY2d at 690-691;

*see also Karsdon v Barringer*, 298 AD2d at 501-502). Accordingly, the Supreme Court did not err in denying the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.