# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1240**

**CA 13-00822**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

DENISE F. MCKNIGHT, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

GARY COPPOLA, DEFENDANT-RESPONDENT.

---

THE LAW OFFICES OF JON LOUIS WILSON, LOCKPORT (JON LOUIS WILSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF DESTIN SANTACROSE, BUFFALO (DESTIN SANTACROSE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 20, 2013 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she fell down the basement stairway at defendant's residence. The accident occurred when plaintiff walked down an unlit hallway, intending to open the door to the first floor bathroom, and instead opened the door to the basement. Plaintiff moved her hand along the wall inside the basement doorway in search of a light switch, took a step and fell down the stairs. She alleges that defendant was negligent in, inter alia, failing to maintain his property in a reasonably safe condition and failing to warn her of the danger posed by the basement door, which was next to the bathroom door and identical in appearance to it.

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Ordinarily the issue whether a danger is open and obvious is for the trier of fact (*see Tagle v Jakob*, 97 NY2d 165, 169; *Sniatecki v Violet Realty, Inc.*, 98 AD3d 1316, 1319), and defendant's own submissions raise triable issues of fact whether the danger posed by the proximity and appearance of the bathroom and basement doors was open and obvious (*cf. Koval v Markley*, 93 AD3d 1171, 1171-1172; *see generally Quinlan v Cecchini*, 41 NY2d 686, 690; *Christianson v Breen*, 288 NY 435, 437-438; *Pollack v Klein*, 39 AD3d 730, 730-731). In addition, defendant did not meet his burden of establishing that he discharged his " 'broader duty' " to maintain

the property in a reasonably safe condition (*Juoniene v H.R.H. Constr. Corp.*, 6 AD3d 199, 201; *see generally Cohen v Shopwell, Inc.*, 309 AD2d 560, 561-562), or that plaintiff's conduct was the sole proximate cause of her fall (*see Sniatecki*, 98 AD3d at 1319; *Mooney v Petro, Inc.*, 51 AD3d 746, 747).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court