■ SHELDON GROSS, Appellant, v KENNETH GROSS et al., Respondents. [24 NYS3d 265]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about May 6, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, while visiting defendants, his brother and sister-in-law, mistakenly opened a door to the basement, rather than the door to the bathroom, and fell down a flight of steps leading to the basement. It is undisputed that plaintiff had been to defendants' home at least 10 times during the 45 years that they had owned it, and had previously used the bathroom there.

As landowners, defendants had both a broad duty to maintain their home in reasonably safe condition and a duty to warn visitors of latent hazards of which they were aware (*see Tagle v Jakob*, 97 NY2d 165 [2001]). Defendants established that they maintained the house in reasonably safe condition by proffering an affidavit by an engineer who opined that the configuration of the basement steps and the doors in the hallway did not violate any applicable building standards or codes, and were safe (*see Witt v Hill St. Commercial, LLC*, 59 AD3d 217 [1st Dept 2009]). In opposition, plaintiff failed to raise an issue of fact as to the safety of the home, since his expert engineer did not identify any condition that violated any applicable standards or codes or that was a proximate cause of plaintiff's accident, which did not involve a trip.

Were we to assume that the proximity of similar-looking basement and bathroom doors could constitute a "trap" for an unwary visitor unfamiliar with the house (*see McKnight v Coppola*, 113 AD3d 1087 [4th Dept 2014]; *Pollack v Klein*, 39 AD3d 730 [2d Dept 2007]), defendants had no duty to provide plaintiff, who was familiar with his brother's home, with any further warning or directions to the bathroom on the day of the accident (*see Koval v Markley*, 93 AD3d 1171 [4th Dept 2012]; *see generally Tagle*, 97 NY2d 165; *Liriano v Hobart Corp.*, 92 NY2d 232, 242 [1998]). Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.