# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**874**

**CA 16-00207**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

ELMER G. COX, JR. AND REBECCA A. COX,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

MCCORMICK FARMS, INC. AND SYNERGY, LLC,
DEFENDANTS-RESPONDENTS.

---

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

HANCOCK ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR
DEFENDANT-RESPONDENT MCCORMICK FARMS, INC.

FELDMAN KIEFFER, LLP, BUFFALO (STEPHEN M. SORRELS OF COUNSEL), FOR
DEFENDANT-RESPONDENT SYNERGY, LLC.

---

Appeal from an order of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered April 16, 2015. The order, insofar
as appealed from, granted the motion of defendant Synergy, LLC, and
the cross motion of defendant McCormick Farms, Inc. for summary
judgment dismissing the amended complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion of defendant
Synergy, LLC and the cross motion are denied, and the amended
complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries sustained by Elmer G. Cox, Jr. (plaintiff) in a tractor-
trailer accident. They appeal from an order that, inter alia, granted
the motion of defendant Synergy, LLC (Synergy) and the cross motion of
defendant McCormick Farms, Inc. (McCormick) for summary judgment
dismissing the amended complaint against them. The evidence submitted
in support of and in opposition to the motion and cross motion
(collectively, motions) establishes that the accident occurred when
plaintiff attempted to drive the tractor-trailer into the driveway of
a farm owned by McCormick and operated in part by Synergy, and the
trailer's rear wheels entered a ditch, causing the entire tractor-
trailer to flip onto its side. We agree with plaintiffs that Supreme
Court erred in granting the motions.

"It is beyond dispute that landowners and business proprietors
have a duty to maintain their properties in reasonably safe condition"

(*Di Ponzio v Riordan*, 89 NY2d 578, 582).  Thus, "a landowner or occupier of land owes a duty to persons coming upon his or her land 'to keep it in a reasonably safe condition, considering all the circumstances, including the purpose of the person's presence on the land and the likelihood of injury' . . . There is, however, 'no duty on the part of a landowner [or occupier of land] to warn against a condition that can readily be observed by those employing the reasonable use of their senses' . . . Where the condition is open and obvious, 'the condition is a warning in itself' " (*Duclos v County of Monroe*, 258 AD2d 925, 926).  "[T]he issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question" (*Tagle v Jakob*, 97 NY2d 165, 169; *see McKnight v Coppola*, 113 AD3d 1087, 1087).

Here, although defendants met their burden on the motions of establishing that the ditch that allegedly caused the accident was an open and obvious condition, plaintiffs raised a triable issue of fact whether, at the time of the accident, it was obscured by drifting snow and the removal of the stakes and reflectors that formerly marked its boundaries.  Consequently, the issue is "fact-specific and . . . presents a question for resolution by the trier of the fact" (*Centeno v Regine's Originals, Inc.*, 5 AD3d 210, 211; *see generally Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71-72).

Contrary to defendants' contentions, the affidavit of plaintiff was not "an attempt to avoid the consequences of [his] prior deposition testimony by raising feigned issues of fact" (*Taillie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1809 [internal quotation marks omitted]).  To the contrary, plaintiff was not asked at his deposition whether the ditch was obscured by snow, and thus the statement in his affidavit is merely " 'more specific' " than his deposition testimony (*Sutin v Pawlus*, 105 AD3d 1293, 1295).  Plaintiff's "affidavit . . . did not flatly contradict his prior deposition testimony.  Therefore, the affidavit should have been considered in opposition to [the] motion[s]" (*Red Zone LLC v Cadwalader, Wickersham & Taft LLP*, 27 NY3d 1048, 1049).

Finally, McCormick contends that we should affirm the order because, in its original motion for summary judgment dismissing the amended complaint against it (McCormick's motion), it established that Synergy had assumed sole control of the premises, thus relieving McCormick from any duty of care.  Although the court rejected McCormick's contention, we review it as an alternative ground for affirmance (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 546).  "[T]he successful party, who is not aggrieved by the judgment or order appealed from and who, therefore, has no right to bring an appeal, is entitled to raise an error made below, for review by the appellate court, as long as that error has been properly preserved and would, if corrected, support a judgment in his favor" (*id.* at 545-546).  Nevertheless, we reject McCormick's contention.

In order to prevail on its motion, McCormick, as the owner of the subject premises, was required "to establish, prima facie, that it

'relinquished complete control' over the property such that its duty to maintain the premises in a reasonably safe condition was extinguished as a matter of law" (*Yehia v Marphil Realty Corp.*, 130 AD3d 615, 616).  "Viewing all of the evidence in the light most favorable to the plaintiff[s], as we must on this motion for summary judgment . . . , we cannot say . . . that, as a matter of law, [McCormick established that it] relinquished complete control of the" subject premises (*Gronski v County of Monroe*, 18 NY3d 374, 381, *rearg denied* 19 NY3d 856).  Consequently, the court properly denied McCormick's motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court