Grimshaw v Carello (2019 NY Slip Op 06272)





Grimshaw v Carello


2019 NY Slip Op 06272


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


536 CA 18-02196

[*1]AMY M. GRIMSHAW, PLAINTIFF-RESPONDENT,
v
JAMES D. CARELLO, JR., DEFENDANT-APPELLANT. 






LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
LYNN LAW FIRM, LLP, SYRACUSE (KELSEY W. SHANNON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered June 21, 2018. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she fell down the staircase in defendant's home. While visiting defendant's home as an overnight guest, plaintiff got out of bed to use the restroom, which was located off the hallway adjacent to the bedroom, at the top of the stairs. Plaintiff testified at her deposition that, rather than turn on the hallway lights, she "felt [her] way to the bathroom." After she finished using the bathroom, she turned off the bathroom light, opened the door into the dark hallway, reached out to feel her way back to the bedroom, which she knew was located to her right, and took one or two steps before falling down the stairs. Defendant moved for summary judgment dismissing the complaint on the grounds that there were no defects on his property that caused or contributed to plaintiff's injuries and that defendant had no duty to warn plaintiff of the unlit upstairs hallway. We conclude that Supreme Court erred in denying defendant's motion.
We agree with defendant that he met his initial burden of establishing as a matter of law that he maintained his property in a reasonably safe condition (see generally Peralta v Henriquez, 100 NY2d 139, 144 [2003]; Basso v Miller, 40 NY2d 233, 241 [1976]), i.e., that there was no inherently dangerous or defective condition on the property (see generally Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012]), and that plaintiff's own conduct in attempting to navigate the upstairs hallway in the dark without using any of the lights that were available to her created an open and obvious danger of which defendant had no duty to warn (see Koval v Markley, 93 AD3d 1171, 1172 [4th Dept 2012]).
Here, defendant's submissions in support of the motion, which included plaintiff's deposition testimony and the expert affidavit of a professional engineer, established that the staircase, the upstairs landing, the lighting and the light switches were code compliant and that the proximity of the bathroom doorway to the top of the stairs did not present an inherently unsafe condition. Defendant also submitted photographs of the area, which depict the hallway light switch on the wall directly outside the bedroom, and plaintiff testified that the lights for both the hallway and the hallway bathroom were working on the night of her fall. Plaintiff's deposition testimony further established that she was familiar with the hallway and its configuration, having traversed the stairs, the landing, and the upstairs hallway several times on the date of the incident. Plaintiff testified that, prior to her fall, she had toured the home and had climbed the staircase earlier in the evening with a clear view of the location of the bathroom in [*2]relation to the stairs and the bedroom. Indeed, plaintiff was aware that the stairs were located "straight ahead out of the bathroom," and that the bedroom was located to her right upon exiting the bathroom.
Plaintiff does not dispute that there were no code violations in defendant's home, and we reject her contention that defendant was negligent in failing to install night lights or utilize exterior lights for the purpose of interior illumination of the home. Plaintiff had multiple light sources available to her and chose not to use them. Just seconds before her fall, plaintiff—not defendant—turned off the bathroom light, which would have illuminated the area and allowed plaintiff to get her bearings if she had not turned off the light before she opened the door to the hallway. Thus, defendant established that it was plaintiff's own conduct in attempting to navigate the upstairs hallway without using any of the lights that were available to her that created an open and obvious danger of which defendant had no duty to warn (see Koval, 93 AD3d at 1172; cf. McKnight v Coppola, 113 AD3d 1087, 1087-1088 [4th Dept 2014]; see also Tagle v Jakob, 97 NY2d 165, 169 [2001]).
Even assuming, arguendo, that the affidavit of defendant's expert was rendered inadmissible by defendant's failure to attach the expert's curriculum vitae or the relevant building codes referenced in the affidavit, we conclude that the deposition testimony of plaintiff and defendant and the photographic evidence submitted by defendant were sufficient to meet defendant's burden on the motion. That evidence established that there were functioning lights in the area where the accident occurred, and that plaintiff was aware of those lights but chose not to use them (see generally Koval, 93 AD3d at 1171). Plaintiff failed to raise a material issue of fact in opposition to the motion (see generally Alvarez v Prospect Hosp., 68
NY2d 320, 324 [1986]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court