222 Stanhope II, LLC v Bagamery (2021 NY Slip Op 51075(U))

[*1]

222 Stanhope II, LLC v Bagamery

2021 NY Slip Op 51075(U) [73 Misc 3d 137(A)]

Decided on November 12, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 12, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., MICHELLE WESTON, DONNA-MARIE E. GOLIA,
JJ

2020-868 K C

222 Stanhope II, LLC, Appellant,
against
Chris Bagamery, Respondent. 

Rosenberg & Estis, P.C. (Jeffrey Turkel of counsel), for appellant.
Law Office of Edward Deignan, PC (Edward Deignan of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Kevin C. McClanahan, J.), entered June 20, 2019. The final judgment, entered pursuant to a
decision of that court dated June 28, 2018, after a nonjury trial, dismissed the petition in a
nonpayment summary proceeding.

ORDERED that the final judgment is reversed, without costs, the petition is reinstated and
the matter is remitted to the Civil Court for a new trial.
Landlord commenced this nonpayment proceeding in 2016 alleging, in an amended petition,
that the apartment was not subject to rent stabilization because the outer dimensions had been
substantially altered. Tenant asserted a general denial and, among other things, that the apartment
was subject to rent stabilization. A nonjury trial was held and, at the close of landlord's case,
tenant moved to dismiss the petition, alleging that landlord had not proved its prima facie case.
The Civil Court granted tenant's motion, holding that the apartment is rent stabilized, based "first
and foremost . . . on the credibility of the witnesses." 
On a motion to dismiss the petition at the close of a landlord's case "for failure to establish a
prima facie case, the court must accept the petitioner's evidence as true and afford the [*2]petitioner the benefit of every favorable inference that can
reasonably be drawn therefrom. The question of credibility is irrelevant, and should not be
considered" (Matter of Hugee v Gadsden, 172 AD3d 863, 864 [2019] [internal quotation
marks and citations omitted]; see Vitale v Astoria Energy II, LLC, 180 AD3d 1104
[2020]; Brownrigg v New York City Hous. Auth., 70 AD3d 619, 621 [2010]). Giving
landlord every favorable inference that can reasonably be drawn, we find that it made a prima
facie showing that the outer dimensions of the apartment had been substantially altered, allowing
it to charge a first rent in 2009, which "exceed[ed] the applicable amount qualifying for
deregulation" (see Rent Stabilization Code [9 NYCRR] § 2520.11 [r] [4], [12]).
Thus, it was improper for the court to hold, as a matter of law, that the apartment is rent
stabilized and to dismiss the petition at this juncture. The petition should therefore be reinstated
and the matter remitted for a new trial. We reach no other issue. 
Accordingly, the final judgment is reversed, the petition is reinstated and the matter is
remitted to the Civil Court for a new trial.
ELLIOT, J.P., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 12, 2021