Fishman v Romano (2025 NY Slip Op 07335)

Fishman v Romano

2025 NY Slip Op 07335

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Index No. 805235/21|Appeal No. 5478|Case No. 2024-05527|

[*1]Randi Fishman et al., Plaintiffs-Appellants,
vSusan Romano, Defendant-Respondent.

Lawrence Leonard, New York, for appellants.
James F. Butler & Associates, Jericho (Nancy S. Goodman of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about August 6, 2024, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff Randi Fishman, who had never been to defendant's home before, fell down stairs while trying to retrieve her coat from a rack above a basement stairway behind a closed door in the kitchen. She testified that the lighting from the kitchen was dim, and she could not see anything but the coats in what she believed was a closet. It is undisputed that the lighting in the stairway, which was controlled by a light switch on the kitchen wall, was not on when plaintiff fell. Plaintiff did not testify that the photographs of the accident location in the record, relied upon by defendant's expert during his inspection two-and-a-half years after the accident, accurately depicted the conditions as they were when she fell. Further, defendant did not submit evidence to show that the light fixtures remained the same after the accident, as depicted in the photographs.
Considering the allegedly dim lighting from the kitchen and plaintiff's unfamiliarity with defendant's home, defendant failed to establish, prima facie, that the coat rack hung on the wall above the basement stairway was open, obvious, and not inherently dangerous as a matter of law (see Sawyers v Troisi, 95 AD3d 1293, 1294 [2d Dept 2012]; Pollack v Klein, 39 AD3d 730, 730 [2d Dept 2007]; cf. Gross v Gross, 135 AD3d 636, 637 [1st Dept 2016]). Additionally, defendant failed to address plaintiff's allegation that the lighting in the stairway was insufficient at the time of the accident and a proximate cause of plaintiff's fall (see Rodriguez v Board of Educ. of the City of N.Y., 107 AD3d 651, 652 [1st Dept 2013]). To the extent defendant's expert observed in passing that the top of the stairwell was "readily perceptible" when the door was in an open position, his opinion is insufficient to eliminate any triable issue of fact as to plaintiff's allegation of inadequate lighting because his inspection of the premises took place more than two-and-a-half years after the accident (see Burgos v Montemurro Enters. LLC, 102 AD3d 629, 630 [1st Dept 2013]). Nor is there any admissible evidence that the conditions on the day of the expert's inspection were the same as the day of the accident. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025